JOSEPH LALLANDE *v.* CONRAD F. McRAE, Intervenor.—HALL, RODD & PUTNAM et als., Third Opponents.

If a debt be contracted by one of the partners of an ordinary partnership, who is not authorized, either in his own name or that of the partnership, the other partners will be bound, each for his share, provided it be proved that the partnership was benefitted by the transaction. Each is bound in proportion to the number of partners, without any attention to the proportion of the stock or profits each is entitled to. But where the recourse of the creditor is had on account of the benefit conferred by the partnership, by a contract not its own, the rule is different, and each partner's share is to be fixed in proportion to the interest which he has in the concern and to the benefit which in consequence he has derived.

The right of the creditor does not arise under the contract, which, as such is not binding on the partnership : his action against each partner has for its basis the benefit conferred. But to such a right springing from equity cannot attach a mortgage which is itself a matter of strict right.

Partnership creditors are not entitled to a mortgage on the partnership property, nor can a special mortgage be compelled to seek payment on one rather than another part or portion of the property mortgaged. The right attaches to all the property.

This Court is only seized of jurisdiction to amend the judgment as between appellant and appellee : not as between the appellees.

APPEAL from the District Court of the Parish of Pointe Coupee, *Ratliffe*, J. *A. Provosty*, for plaintiff. *H. M. Spofford* and *T. J. & W. H. Cooley* for defendant and intervenor. *Lacey & Spearing*, *Clarke & Bayne*, for third opponents.

VOORHIES, J. The appellants, *Hall, Rodd & Putnam*, claim to be mortgage creditors of the ordinary partnership of *R. W. & C. F. McRae*. They contend that there is a two-fold error in the judgment of the District Court,—in the first place in failing to recognize them as such, and in depriving them of the privilege which they claim ;—and secondly in awarding to several mortgage creditors a rank and an amount, which the nature of their claims does not authorize.

*R. W. McRae* was the sole owner of the Glenmary plantation, and a part owner, with *C. F. McRae*, of the Crescent Park plantation. Advances were made by *Hall, Rodd & Puinam* to *R. W. McRae*, and the first question presented is whether the partnership is not indebted for the amounts thus advanced.

The account is kept in the name of *R. W. McRae* ; and when suit was instituted on it against this party, the appellants averred in their pleadings that this was an individual indebtedness, contracted for his individual benefit, and that of the Glenmary plantation, his individual property. A consent judgment was entered, and, in accordance with the written authorization of the defendant, the decree ordered the seizure and sale of the Glenmary and Crescent Park plantations, under the mortgage of the 26th of February 1857.

This mortgage had been executed by *R. W. McRae*, acting in his own name, and in the name of his brother and co-partner, *C. F. McRae*, and was subsequently ratified by the latter. Its object was to secure *Hall, Rodd & Putnam*, for advances made and to be made for the use, benefit and accommodation of *R. W. & C. F. McRae*, " or of any other obligation, into which they may enter by virtue of this Act, and also to secure the said *Hall, Rodd & Putnam*, the full reimbursement of all and every sum or sums of money which they have already advanced or paid for the said *Robert R. & Conrad F. McRae*, or may hereafter advance and pay for their account," etc.

The question of fact here involved is whether advances were made to *R. W. McRae*, individually, or to the partnership of *R. W. & C. F. McRae* ; but it is

25

LALLANDE
*v.*
MCRAE

contended that the appellants are precluded by their judicial admissions from denying that it was not a partnership debt. The latter's counsel admit the force of this objection, but reply that the allegations were made in error of fact and are therefore revocable.

The evidence adduced hardly makes out a case of error on the part of *Hall, Rodd & Putnam.* The supplies were for the Glenmary plantation, which they wel' knew to be the property of *R. W. McRae.* The advances purport to be for the individual benefit of the latter ; and the former made the entries accordingly on their books. It is true that a large amount of these advances were subsequently used by *R. W. McRae* to the extinguishment of partnership liabilities ; but, in this matter, the appellants exercised no agency whatever. Nor is it pretended that the advances made were intended for the purpose to which they were applied. In point of fact, they were really made to *R. W. McRae,* individually, and not to the partnership.

It is not important to determine whether the judicial admissions in question amount to an estoppel, or whether they must be viewed only as evidence open to explanation. The facts ascertained leave no doubt as to the nature of the transaction ; and the appellants' recourse must, at all events, be governed by the provisions of article 2845 of the Civil Code.

The article reads : "If a debt be contracted by one of the partners of an ordinary partnership, who is not authorized, either in his own name or that of the partnership, the other partners will be bound, each for his share, provided it be proved that the partnership was benefitted by the transaction."

By the previous article the rule, as to each partner's liability in general, is, that each is bound " in proportion to the number of partners, without any attention to the proportion of the stock or profits each is entitled to." Art. 2844. But where the recourse of the creditor is had on account of the benefit conferred on the partnership, by a contract not its own, it is obvious that the rule is different, and that each partner's share is to be fixed in proportion to the interest which he has in the concern, and to the benefit which in consequence he has derived. Gilbert, notes to articles 1862 and 1864, N. C. The right of the creditor does not arise under the contract, which as such is not binding on the partnership : his action against each partner is in the nature of the civil law action *de in rem verso,* having for its basis the benefit conferred. The article of the Code recognizes this equitable right of recourse for indemnification. But to such a right, springing from equity, cannot attach a mortgage, which is itself a matter of strict right.

Under this view of the law it follows that, notwithstanding the appellants' equitable action under the provisions of C. C. 2845, their mortgage of the 26th February,.1857, does not cover the advances made to *R. W. McRae.* Their claim, as regards the partnership, is an ordinary one.

Viewed as the creditors of *R. W. McRae,* individually, or as ordinary creditors of each partner, they are to be paid only in as much as there should be something left after satisfying the mortgage creditors. C. C. 2794. They have no interest in contesting merely the rank of the mortgages ; but they might have in reducing the amounts claimed, so as to increase their own proportion in the distribution of the assets. The copartnership, however, is hopelessly insolvent ; nor would the reduction of the mortgage claims, as asked by the appellants, be of any benefit to them. Indeed, their only complaint, as well on their briefs as upon the oral arguments, was as to the refusal of the court below to recognize them as partnership creditors with priority of mortgage.

The mortgage of *Zenon Porche* is not questioned so far as the amount allowed is concerned ; but the appellants contend : " That this was an individual debt of *R. W. McRae*, and the Glenmary plantation and slaves, for the payment of which *C. F. & R. W. McRae* and Crescent Park plantation and slaves became the security ; that, for the reimbursement of the same, *Zenon Porche* is amply secured by the proceeds of the sale of Glenmary plantation and slaves, the property of the principal obligee, *R. W. McRae*, in the hands of the syndic of his insolvency ; and, consequently, *Hall, Rodd & Putnam*, who are creditors of *C. F. & R. W. McRae*, with a mortgage on Crescent Park plantation and slaves, have a right to force *Z. Porche* to look to the fund in the hands of the syndic."

This position is based on the assumption that the appellants, as partnership creditors, are entitled to a mortgage on the partnership property. But this matter has already been determined adversely to their pretensions. Nor can it be admitted that a creditor holding a special mortgage, could be compelled to seek payment on one rather than another part or portion of the property mortgaged. The right attaches to all the property. C. P. 683 ; C. C. 3360.

We have not considered the motions filed by several of the appellees to amend the judgment of the District Court. " This Court is only seized of jurisdiction to amend the judgment as between appellant and appellee : not as between the appellees." *Converse Kennett & Co.* v. *St. Lucy Robinson*, 15 An. 433.

Judgment affirmed.